# IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Brian Jones | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **v** | ) | |
| | ) | |
| Maryland Department of Public Safety | ) | **CASE NO.:** |
| And Correctional Services | ) | |
| | ) | |
| Warden | ) | |
| | ) | |
| Secretary | ) | |
| | ) | |
| Correctional Officers Known and Unknown | ) | |
| **DEFENDANTS** | ) | |

## COMPLAINT FOR DAMAGES

    **NOW COMES**, Brian Jones, hereinafter referred to as Plaintiff, by and through his attorney, Russell A. Neverdon, Sr., Esquire and the Law Office of Russell A. Neverdon, Sr., LLC and hereby seeks damages against the Department of Public Safety and Correctional Services, Warden and the Secretary of the Department for injuries sustained as a direct and proximate result of negligence, jointly and severally, hereinafter referred to as Defendants, in violation of 42 U.S.C. § 1983 and further, as a state prisoner, seeks damages for the deliberate indifference and denial of medical care and treatment resulting in permanent damages and in support thereof, states as follows:

## NATURE OF ACTION

1. That this lawsuit stems from the negligence of Defendants in breaching their duties owed

    to Plaintiff, who was a documented asthmatic, was left without proper medical attention

    after numerous complaints of difficulty breathing, by the Defendants,  while being

    detained, housed and under the direct supervision and care of the Defendants and within

    their immediate premises.  That the Defendants took no action to prevent, protect nor

    timely and properly administer medical treatment or care to the Plaintiff.  As a direct and

    proximate result of the inactions or omissions, Plaintiff suffered severe and permanent

injuries that affected and continues to affect his neurological and physical limbs, systems and ultimately the quality of the remainder of his life as he shall remain in a vegetative state.  Consequently, Defendants are liable to Plaintiff for his damages.

## PARTIES AND RELEVANT PERSONS/PARTIES

2. That Plaintiff is a resident of the State of Maryland.

3. That the Department of Public Safety and Correctional Services, hereinafter referred to as the "DPSCS," is a Maryland State Agency that engages in business in the jurisdiction of Maryland and did so at the time of the incident.

**4.** That the Warden, Secretary and Correctional Officers are employees, agents and/or servants of DPSCS.

## JURISDICTION AND VENUE

5. That the incident occurred on or about July 29, 2018, on the premises of Defendant, located in Roxbury Correctional Institution, Hagerstown, Maryland.

6. This Court federally retains jurisdiction over the state tort claims under 42 U.S.C. §§ 1331(a) and 1343 and the supplemental state tort claims under 28 U.S.C. §1367.

7. That the amount of damages sought far exceed $75,000.00 in compensatory damages.

8. This Court has jurisdiction over this action.

9. The acts alleged in this Complaint arose in the State of Maryland at 1801 Roxbury Road, Hagerstown, Maryland 21746.  Venue therefore, is proper in the U.S. District Court for the State of Maryland.

## FACTS COMMON TO ALL COUNTS

10. On or about July 29, 2018, Plaintiff, Brian Jones complained of difficulty breathing and requested to me medically seen for the inability to take in air.

11. Mr. Jones complained for hours on end until other inmates were awakened and got the attention of other officers who was making rounds on the tier.

12. That subsequent the end of the shift, Mr. Jones was finally able to get someone to investigate his complaints, however, officers merely opened the cell gate at which point in a panic, he ran out of the cell struggling for air and collapsed.

13. At all times relevant, Plaintiff was not engaged in any conduct which would have contributed to his condition.

14. That without warning, Plaintiff suffered an asthma attack, requested help and was ignored for several hours.

15. That as a direct and proximate result of Defendants' inactions, plaintiff suffered severe injuries, including, but not limited to a concussion, permanent brain damage, complete paralysis, dependence on cathereters and colostomy bags, wasting, muscular atrophy, declination of organ function and subjugation to ongoing upper respiratory infections and complications.

16. Following the incident, Plaintiff sought medical care for his injuries, which resulted in ongoing and continuous treatment, ultimately receiving inadequate and less than appropriate care which subsequently resulted in severe bed sores and skin eruptions, lengthy and painful recovery, significant medical bills, inconvenience, pain and suffering.

17. That as a direct and proximate result of this incident, Plaintiff suffered and continues to suffer neurologically, mentally and physically.

18. That Defendants owed a duty of care to Plaintiff to ensure the safety and well-being of all inmates under their supervision and care and to ensure receipt of proper and timely medical care. Further, they owed a duty of care to ensure the employees that are required

to oversee the well-being and safety of inmates, are were properly trained to ensure the overall safety, health and well-being are maintained.

19. That Defendants breached their duty of care owed to Plaintiff by intentionally ignoring his request for medical care, failing to act timely and failing to provide immediate interventive life-saving care, namely CPR to the Plaintiff causing harm, neurologically, physically and mentally.

20. That at no time did Plaintiff's actions contribute to his injuries sustained

21. That Defendants acting individually and as an actual agent, servant and/or employee of DPSCS, failed to provide properly trained and qualified correctional officers to oversee, supervise and care for the Plaintiff., acting individually and as an actual agent, servant and/or employee of DPSCS and knew or should have known that the correctional officers were not properly trained.

22. That Defendants failed to timely contact any emergency personnel to further prevent any additional injury to Plaintiff, in spite of being told, repeatedly by Plaintiff, he felt was experiencing difficulty breathing and felt he needed medical attention.

## COUNT I

### (Negligence – Correctional Officers Known and Unknown)

23. That Plaintiff realleges and re-affirms any and all averments contained in paragraphs 1-21 of this Complaint for Damages.

24. That Defendants, DPSCS and Secretary, Warden and Correctional Officers, acting individually as actual or apparent agents, servants and/or employees of Defendant DPSCS, owed a duty of care to Plaintiff to provide properly trained and qualified

correctional officers to address potential medical emergencies, especially with knowledge of a documented detainee who has a history of asthma.

25. That Defendants owed a duty of care to Plaintiff to use reasonable and appropriate care and to take appropriate measure to provide safe and adequate environment and to further apply medical interventive measures to give aid to a detainee in medical distress. while under their supervision, custody and care within their premises.

26. That Defendants breached their duty of care owed to Plaintiff.  In spite of simply asking for medical attention, Defendants intentionally ignored for hours, the repeated requests of the Plaintiff to receive immediate medical attention.

27. That Defendants DPSCS, Secretary, Warden and Correctional Officers Known and Unknown failed to take reasonable and appropriate measures to investigate and take immediate steps to ensure their agents, servants and/or employees would act with urgency, employ basic medical intervention and reach properly train medical personnel to address the traumatic events that were unfolding.

28. That Defendants breached their duty of care owed to Plaintiff by failing to ensure Plaintiff's safety at the time Plaintiff was experiencing the asthma attack. Defendants, individually and through their actual and apparent agents, servants and/or employees failed to provide reasonably well-trained individuals to provide proper supervision and medical interventive measures in a timely and proper manner.  Defendants permitted and sanctioned the inactions of the correctional officers which led to Plaintiff being seriously and permanently injured.  Further, (1) Defendants took no reasonable and appropriate measures to avoid these injuries despite ample opportunity to do so; (2) Defendants breached their duties to provide a reasonably safe environment in failing to notify

emergency personnel during their observations of the medical emergency events of the Plaintiff, in spite of being told, repeatedly, he experienced immediate tightening of the chest and having difficulty breathing; (3) Defendants allowed and condoned the correctional officers negligence and inactions; (4) Defendants permitted the correctional officers to ignore Plaintiff by, among other ways, repeatedly ignoring the requests for medical attention and then taking more than a reasonable amount of time to engage medical personnel outside the facility; and (5) Defendants' acts and omissions amounted to failure to use ordinary and medically necessary and prudent care and was the proximate cause of Plaintiff's injuries.

29. At all times relevant, the correctional officers in questions were employed or otherwise acted as actual or apparent agents, servants or employees of Defendants and therefore acted within the scope of their employment while on duty at Roxbury Correctional Institution and in furtherance of Defendants' interests, including, but not limited to supervising and maintaining the custody and care of Plaintiff.

**WHEREFORE**, Plaintiff respectfully Demands judgment against all Defendants, jointly and severally, and seeks damages of $10,000,000.00 (TEN MILLION DOLLARS AND ZERO CENT), pre and post judgment interest as well as attorney's fees, costs, expenses and such other and further relief as this Honorable Court deems just and proper.

## COUNT II

### (Negligence/Hiring, Training, Retention and/or Supervision)

30. That Plaintiff realleges and re-affirms any and all averments contained in paragraphs 1-29 of this Complaint for Damages.

31. Defendants owed a duty of care to Plaintiff to use reasonable care to select employees and/or agents who were competent and fit to perform their duties, including their duties to provide a safe and secure environment.  Defendants had a further duty to train their employees and/or agents, retain competent and fit employees and/or agents and properly supervise their employees and/or agents in providing a safe and secure environment for persons on its premises.

32. Specifically, Defendants Secretary, Warden and Correctional Officers Known and Unknown, acting individually and as an actual or apparent agent, servant and/or employee of Defendant Redskins, had a duty of care to provide properly trained and qualified security personnel to Defendant DPSCS.

33. Defendants Secretary, Warden and Correctional Officers Known and Unknown, acting individually and as an actual or apparent agent, servant and/or employee of Defendant DPSCS, breached their duty of care owed to Plaintiff by failing to provide properly trained and qualified correctional officers to supervise and monitor the care and safety of detainees.

34. Defendant DPSCS acting as the manager and director responsible for the day-to-day operations determining where inmates will be housed, identify the personnel responsible for supervising the inmates and training their personnel on basic life saving techniques, to include administering of CPR, who had an independent duty of care to provide Plaintiff with safe and appropriate medical interventions in a medical emergency.

35. That Defendant DPSCS breached their duty of care owed to Plaintiff by failing to use reasonable care to select employees and/or agents that were competent and fit for the positions of providing supervision and medical intervention in medical emergencies of

detainees, failing to provide properly trained correctional officers and failing to provide the appropriate supervision of same.

36. As a direct result of Defendants' negligence in hiring, training retaining and supervising their employees and/or agents, Plaintiff incurred permanent neurological, physical and mental injuries.

37. Had Defendants properly screened, hired, trained, retained and supervised their employees and/or agents as to providing security to sporting patrons without causing physical or mental injury to persons on the premises, Plaintiff would not have been injured.

38. Defendants breached their duty owed to Plaintiff, which proximately caused him to suffer and continues to suffer significant, permanent and ongoing injuries and damages.

39. Plaintiff did not contribute to his injuries in any way.

**WHEREFORE**, Plaintiff respectfully Demands judgment against all Defendants, jointly and severally, and seeks damages of $10,000,000.00 (TEN MILLION DOLLARS AND ZERO CENT), pre and post judgment interest as well as attorney's fees, costs, expenses and such other and further relief as this Honorable Court deems just and proper.


### <u>COUNT III</u>

### <u>(Deliberate Indifference in Violation of the 8th Amendment through the 14th Amendment–</u>

### <u>Correctional Officers Known and Unknown)</u>

40. That Plaintiff realleges and re-affirms any and all averments contained in paragraphs 1-39 of this <u>Complaint for Damages.</u>

41. That Defendants, DPSCS and Secretary, Warden and Correctional Officers, acting individually as actual or apparent agents, servants and/or employees of Defendant DPSCS, knew and should have known of the Plaintiff's medically documented asthmatic condition that was maintained in the ordinary course of business records, held within the facility and it was reasonable to do so.

42. That the Defendants' owed a duty of care to Plaintiff to ensure that all personnel responsible for the Plaintiff's supervision and care, be aware of the existing medical condition of the Plaintiff and to further, ensure safeguards are in place in the event of the likely probability of an asthma attack so that they may act expeditiously and reasonably.

43. That the Defendants in the ordinary performance of their duties have an essential responsibility of the supervision and care of detainees; have an affirmative and reasonable duty to know and maintain records of the health and ensure proper communication to all staff, personnel and employees responsible for the supervision and care of the Plainitff.

43. That the Defendants subjectively were aware of this information, and if nothing more, were openly and conspicuously placed on notice of the Plaintiff's depleting health as it was then developing and chose to do nothing or in the alternative, to act with such delay and disregard for the emergent circumstances before them as the Plaintiff's conditions worsened; all while other inmates chimed in with banging on walls, door frames and cell doors yelling to get the attention of any willing Correctional Officer to provide reasonable and timely proper care and treatment for a critically extended period of time.

43. That Defendants owed a duty of care to Plaintiff to be aware of his pre0-existing and/or diagnosed health conditions and to reasonably ensure the transmission of vital information of the Plaintiff's documented medical condition is known to all relevant staff to ensure that

there is prompt, reasonable and appropriate care to address an inmate with known medical conditions (upper respiratory – chronic asthma) such as the Plaintiff.

45. That Defendants breached their duty of care owed to Plaintiff. Despite the Plaintiff's repeated asking for medical attention, Defendants intentionally ignored for hours, the repeated requests of the Plaintiff to reasonably receive immediate medical attention.

46. That Defendants DPSCS, Secretary, Warden and Correctional Officers Known and Unknown failed to take reasonable and appropriate measures to immediately respond, investigate and take immediate steps to act with urgency, employ reasonably basic medical intervention and contact properly trained medical personnel to further address the traumatic events that were unfolding.

47. That the Defendants, even becoming aware of the medically distressed Plaintiff, failed to reasonably act timely, if at all, despite repeated requests and demands from onlooking inmates advising of the severity of the Plaintiff's worsening condition.

48. That at a bare minimum, the Plaintiff is afforded rights and protections under the 8th and 14th Amendments of the United States Constitution against the cruel and inhumane treatment through the reckless indifference of the Plaintiff's medical emergency, their negligence, improper training and overt disregard for his then and known pre-existing medical conditions.

49. That as a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer significant, permanent and ongoing injuries and damages.

**WHEREFORE**, Plaintiff respectfully Demands judgment against all Defendants, jointly and severally, and seeks damages of $10,000,000.00 (TEN MILLION DOLLARS AND ZERO

CENT), pre and post judgment interest as well as attorney's fees, costs, expenses and such

other and further relief as this Honorable Court deems just and proper.


____/S/_____
Russell A. Neverdon, Sr.
Fed I.D. No.: 25949
711 St. Paul Street
Baltimore, Maryland 21202
(410) 235-2184, Office
(410) 235-4000 Facsimile
Neverdon@me.com Email